Note—OA. opinion will be found in 3 Abs. 490.

---

No. 784

PHELPS et v. FINDLAY (City)

No. 19218. Supreme Court

On motion to certify. Dock. June 19, 1925; 3 Abs. 401.

797. MUNICIPAL CORPORATIONS — Power of to pass ordinance fixing rates that designated public utility might charge, questioned.

George H. Phelps, as taxpayer, brought his action in the Hancock Common Pleas against the city of Findlay, seeking in his statement of facts to prefer a charge of abuse of the corporate power as well as a violation of corporate law, in the passage of an ordinance,

## OHIO SUPREME COURT—Continued

fixing rates that a designated local public utility might impose for service in several departments.

On motion of the city, practically all the facts tending to sustain the charge of abuse were stricken from the petition, and the court sustained a general demurrer to whatever was left and dismissed the action. The Court of Appeals sustained this judgment.

The case is taken to the Supreme Court and there contended that the ordinance complained of was a legislative act adopted by the council under section 3982 of the Municipal Code, supplemented by 614-44 GC. of the Public Utilities Act. In short that it was a legislative act fixing a rate for three distinct departments of public service, under a delegated legislative power recognized as such, when under the settled policy of Ohio, municipalities derived all their powers and the manner of their exercise, exclusively from the General Assembly. This it is claimed was the situation of Ohio Municipalities prior to the adoption of the Home Rule Amendment of 1912.

It is urged that the ordinance in question was passed under pressure of 614-44 GC., said section having read independently of the Home Rule Amendment and compels a municipality to tender a contract to an existing local utility, regardless of any question of municipal economy, a situation inimical to the provision and policy of the Home Rule Amendment.

It is contended that the contract in question being a ten year term contract, is highly improvident and that no individual acting in his own right and interest would for a moment commit himself to such a contract as the ordinance, if accepted involves. It is contended that 614-44 GC. delegates a legislative rate making power not a contractural right and is inconsistent with the constitution, and if passed since 1912 would unhesitatingly be held unconstitutional.

Attorneys—Geo. H. Phelps for plaintiff; W. S. Snooks for defendant; both of Findlay.